Yesy Sanchez (YS-0502)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Milagros Molina, | ) Civ. Case No. __CV ____ |
| | ) |
| *Plaintiff,* | ) **FLSA COMPLAINT** |
| | ) |
| -v- | ) |
| | ) |
| Foundation for the Elderly (LHCSA) d/b/a | ) |
| Rockaway Manor Home for Adults, Elderly | ) |
| Foundation II, Inc., John Doe, whose name is | ) |
| unknown | ) |
| | ) |
| *Defendants.* | ) |

## NATURE OF THE ACTION

1.      Plaintiff, Milagros Molina, brings this action under the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding

of her lawfully earned wages and overtime compensation. Plaintiff also brings these claims

under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*

as well as the supporting New York State Department of Labor Regulations for violations of

minimum wages, overtime wages, spread-of-hours pay, and notice and record-keeping

requirements.

## SUMMARY

2.      Plaintiff worked as a home health aide for the Defendants, Foundation for the

Elderly (LHCSA) d/b/a Rockaway Manor Home for Adults and Elderly Foundation II, Inc.

1

3. Plaintiff was responsible for caring for Defendants' patients in their own homes; this included, but was not limited to, preparing meals, cleaning the patients' home, doing their laundry, cleaning up after patients, assisting patients perform everyday tasks such as dressing, grooming and taking them to the bathroom, and performing general household work.

4. Plaintiff was required to work in consecutive 24-hour shifts and was responsible for attending patients' needs for her entire shift.

5. As a result, Plaintiff was unable to get either a minimum of five (5) hours of uninterrupted sleep, or a total of eight (8) of sleep per shift.

6. In addition, Plaintiff was unable to get a three (3) hour meal period during her 24-hour shifts.

7. Defendants have repeatedly deprived Plaintiff of her lawfully earned wages, overtime and spread-of-hours premium by paying Plaintiff at a flat rate of one hundred and thirty dollars ($130) per shift irrespective of the actual hours worked.

8. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

9. As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

10. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. Additionally, this Court also has

supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

11.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

12.     Venue is proper in the Eastern District of New York under 8 U.S.C. §§1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

**THE PARTIES**
(Plaintiff)

**Milagros Molina**

13.     Plaintiff Milagros Molina ("Plaintiff") is an adult individual residing in the state of New York, County of Bronx.

14.     Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

15.     Plaintiff worked for Defendants as home health aide from November 2013 to August 2015.

16.     Plaintiff was employed by Defendants to work for their home care agency "Rockaway Home Care" to assist Defendants' patients.

17.     Plaintiff's duties included, but were not limited to, preparing meals, cleaning the patients' home, doing their laundry, cleaning up after patients, assisting patients perform

everyday tasks such as dressing, grooming and taking them to the bathroom, and performing general household work.

18.     Plaintiff spent more than a third of her total hours worked per shift performing general household work.

19.     Although Plaintiff was frequently required to stay overnight in a patient's home in order to care for them, Plaintiff did not reside in such homes and maintained her own place of residence elsewhere.

20.     Plaintiff regularly handled goods in interstate commerce because the food and cleaning products used in performing her job were frequently imported from states outside New York.

21.     When she was initially hired in November 2013, Plaintiff worked three (3) days per week, each shift consisting of twenty-four (24) hours.

22.     For each shift, Plaintiff was paid one hundred and thirty dollars ($130) irrespective of the fact that she worked twenty (24) hours.

23.     In December 2013, her schedule increased to five (5) days per week, each shift consisting of twenty-four (24) hours; however, her rate of pay remained the same.

24.     Plaintiff was unable to get a minimum of five (5) hours of uninterrupted sleep per shift because her patient required frequent bathroom use throughout all hours of the day.

25.     In addition, Plaintiff was unable to get three (3) hours for meals since her patient required consistent attention.

26.     During that period, Plaintiff complained multiple times to Defendants that she was unable to get the requisite amount of sleep or meal periods for herself.

27.     In addition, Plaintiff also complained to Defendants about her unpaid wages.

4

28.     Defendants repeatedly suffered or permitted Plaintiff to work 24-hour shifts without proper payment as she was only compensated at a flat rate of one hundred and thirty dollars ($130) per shift.

29.     Plaintiff was not given accurate wage statements and there was no system set in place to record the times Plaintiff would come in and out of work, in order to keep track of her hours.

30.     Plaintiff was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

31.     Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

32.     Throughout the duration of her employment, Plaintiff did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

33.     Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**(Corporate Defendants)**

**Foundation for the Elderly d/b/a Rockaway Manor Home for Adults**

34.     Foundation for the Elderly is a domestic non-profit corporation formed on January 17, 1992, organized and existing under the laws of the State of New York.

35.     Foundation for the Elderly owns and operates a home care agency with offices located in Far Rockaway, Brooklyn, Bronx and Hempstead.

5

36.     Upon information and belief, its principal place of business is located at 150 Beach 9th Street, Far Rockaway, NY 11691.

37.     The homecare agency employs personnel that "are available to discuss your needs 24 hours a day, 7 days a week" according to their website: http://www.rockawaymanorhc.com/contact.html.

38.     At all relevant times, Foundation for the Elderly was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

39.     At all relevant times, Foundation for the Elderly maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

40.     At all relevant times, Foundation for the Elderly was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees utilized food, cleaning products and treatments manufactured outside the state of New York and imported in New York when caring for patients.

41.     Upon information and belief, at all relevant times, Foundation for the Elderly's annual gross volume of sales made, or business done, was not less than $500.000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

**Elderly Foundation II, Inc.**

42.     Elderly Foundation II, Inc. is a domestic corporation formed on January 12, 2012, organized and existing under the laws of the State of New York.

43.     At all relevant times, Elderly Foundation II, Inc. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

44.     At all relevant times, Elderly Foundation II, Inc. maintained control, oversight,

and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to her.

45.     At all relevant times, Elderly Foundation II, Inc. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees utilized food, cleaning products and treatments manufactured outside the state of New York and imported in New York when caring for patients.

46.     Upon information and belief, at all relevant times, Elderly Foundation II, Inc.'s annual gross volume of sales made, or business done, was not less than $500.000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

47.     Upon information and belief, Corporate Defendants Foundation for the Elderly and Elderly Foundation II, Inc. are related entities and operate together as a single integrated enterprise. Specifically, Foundation for the Elderly and Elderly Foundation II, Inc. operate a health care agency that is owned, managed, and operated by the same core team of Individual Defendants. Moreover, both entities have designated the exact same address for DOS Service of Process, namely 145 Beach 8th Street, Far Rockaway, New York, 11691.

**(Individual Defendants)**

**John Doe**

48.     Upon information and belief, at all relevant times, John Doe was, at the time of Plaintiff's employment, owner, member, and authorized operator, manager, and agent of Corporate Defendant.

49.     At all relevant times, John Doe, Foundation for the Elderly, and Elderly Foundation II were joint employers of Plaintiff, acted in the interest of each other with respect to employees, and had common policies and practices as to wages and hours, pursuant to 29

C.F.R. § 791.2.

50.    At all relevant times throughout Plaintiff's employment, John Doe had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

51.    At all relevant times throughout Plaintiff's employment, John Doe was actively involved in the day-to-day operations of the Corporate Defendant.

52.    At all relevant times throughout Plaintiff's employment, John Doe was a "covered employer" within the meaning of the FLSA and the NYLL, jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

53.    Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

54.    At all relevant times, Plaintiff was an employee and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

55.    At all times relevant, Defendants have been employers of Plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(1) and 206 (a).

8

56.     Defendants were required to pay directly to Plaintiff the applicable federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

57.     Defendants failed to pay Plaintiff her earned minimum wages for all hours worked to which she is entitled to under the FLSA; instead Defendants compensated Plaintiff, at a flat rate of One Hundred and Thirty dollars ($130) for every 24 hour shift.

58.     As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

59.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

60.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

61.     Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

62.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

63.     Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

64.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff.

65.     Defendants have failed to pay Plaintiff overtime wages  at a rate of one and one-half times the regular rate at which she was employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that she worked in excess of forty (40) hours per workweek.

66.     As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

### THIRD CAUSE OF ACTION

#### New York Labor Law – Minimum Wage

67.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

69.     At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

70.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

71.     From 2010 to December 30, 2013, the minimum hourly wage in the State of New York was $7.25, from December 31, 2013, to December 30, 2014, the minimum hourly wage

was $8.00, and from December 31, 2014 to December 30, 2015, the minimum hourly wage was $8.75, pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.1

72. Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.1.

73. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.1.

74. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

75. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

76. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198(1-a).

<u>**FOURTH CAUSE OF ACTION**</u>

**New York Labor Law – Unpaid Overtime wages**

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11

78.     The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

79.     Defendants have failed to pay Plaintiff proper overtime to which she was entitled to at a wage rate of one and one-half times the employee's regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, including but not limited to 12 N.Y.C.R.R. Part 142-2.2.

80.     Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

81.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

82.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198(1-a).

### FIFTH CAUSE OF ACTION

#### New York Labor Law- Spread-of-Hours Pay

83.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.     The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

85.     Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten (10) hours, as defined by the New York State Department of Labor regulations, including but not limited to 12 N.Y.C.R.R. Part 142-2.4 and 142-2.18

86.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

87.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198(1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Notice at the Time of Hiring

88.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     Defendants have failed to provide Plaintiff, at the time of hiring, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

90.     Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of fifty dollars ($50) per workweek that the violation occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-b).

## SEVENTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements

91.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.     Defendants have failed to provide Plaintiff with accurate wage statements listing her rate of pay; the period covered; gross wages; deductions; net wages; overtime pay; and anything otherwise required by law, in violation of NYLL § 195(3).

93.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants One Hundred Dollars ($100) for each work week that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500.00), until February 26, 2015, and statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.     Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New

14

York Labor Law, Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations;

B.     Unpaid minimum wages and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

C.     Unpaid minimum wages, overtime and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

D.     Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

E.     An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

F.     An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

G.     A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

H.     If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

I.     An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

J.     An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

K.  An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

L.  Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
       June 29, 2016

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

By: _____
Yesy Sanchez (YS-0502)
*Attorneys for the Plaintiff*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel: 718.777.0400 | Fax: 718.777.0599
Email:  yesy@pnlawyers.com

16

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. 216(b)

### FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against Foundation for the Elderly (LHCSA) and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b). I hereby designate Pardalis & Nohavicka LLP to represent me in such a lawsuit.

Dated: 6/3/2016

Astoria, New York

_____
Signature

Milagros M. Molina_____
Print Name

1226 Sherman Ave B4

Bronx, NY 10456_____
Address

347-319-4866
Telephone